MARTIN HUTCHINSON, an Infant under Fourteen Years of Age, by
GEORGE H. HUTCHINSON, his Guardian ad Litem, Respondent, *v.*
THE ATLANTIC AVENUE RAILROAD COMPANY, Appellant.

33  569
a161a635

*Action for personal injuries — when a verdict for $3,500 is not excessive.*

In an action against a street railroad company to recover damages for injuries
sustained by the plaintiff, a child about seven years old, in being ejected from
a street car by the conductor, a verdict for $3,500 will not be set aside where
the evidence tends to show that the plaintiff suffered a fracture of the acromion
process and of the humerus or upper arm bone, and at the time of the trial still
suffered and was likely to continue to suffer from the injury.

BARTLETT and HATCH, JJ., dissented.

APPEAL by the defendant, The Atlantic Avenue Railroad Com-
pany, from a judgment of the Supreme Court in favor of the
plaintiff, entered in the office of the clerk of the county of Kings
on the 26th day of November, 1897, upon the verdict of a jury for
$3,500, and also from an order entered in said clerk's office on the
23d day of November, 1897, denying the defendant's motion for a
new trial made upon the minutes.

*James R. Soley*, for the appellant.

*J. Stewart Ross*, for the respondent.

WOODWARD, J.:

On the 25th day of December, 1895, the plaintiff, with three
brothers and a friend of about the same age, attended a Christmas
festival at the Columbia Theatre in the city of Brooklyn. They
went early in the morning, and about noon boarded one of the cars
of the defendant, on Adams street, and transferred at the corner of
Boerum place and Atlantic avenue to one of the cars of the defend-
ant, running along Bergen street in said city. Plaintiff took a seat
near the middle of the car and soon after began vomiting. With one
of his brothers he attempted to gain the rear platform, but was told
by the conductor to return to his seat. The plaintiff was at this
time about seven years of age and did as he was directed, but soon
resumed vomiting, at which some of the passengers complained and

the conductor entered the car, took hold of the child and removed him from the car to the street. The evidence is conflicting at this point. The plaintiff and his brothers testify that the conductor took him by the coat collar or the shoulder and dragged him to the rear platform, where he lifted him up and threw him to the ground, over the dashboard, without stopping the car. A witness called by the defendant testifies that the car was stopped before the plaintiff was ejected, but admits that the conductor was not careful in removing the child from the car; and it is evident from the verdict that the jury credited the plaintiff's version of the ejectment. The defendant's conductor was not put upon the stand, but this was accounted for by the fact that he had been attempting to make arrangements to testify in the interests of the plaintiff and against the defendant under circumstances which made it unsafe to call him. It is admitted on the part of the defendant, through the testimony of its physician who examined the plaintiff some time after the accident, that the child suffered some bruises, and that the plaintiff showed evidences of such contusions at the time of the examination, but it is urged that the injuries were not such as to warrant the jury in finding a verdict for $3,500, and it must be admitted that the evidence upon the question of injuries is not of the character which is usually developed in cases of this nature. However, the case was tried and submitted to the jury without exceptions worthy of serious consideration, and we are unable to see where we would be justified in interfering with the judgment. There was evidence tending to show that the child had suffered a fracture of the acromion process and of the humerus or upper arm bone; that the plaintiff still suffered, and was likely to continue to suffer, from the injury; and if this is true the judgment cannot be said to be excessive. Whether this is true is peculiarly a matter for the jury to determine, and in the absence of reversible error on the trial we are forced to conclude that the judgment should be affirmed, with costs.

All concurred, except BARTLETT and HATCH, JJ., dissenting.

Judgment and order affirmed, with costs.